UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

FILED

MAY 1 8 2007

MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

COLORLAB COSMETICS, INC.
1112 5th Avenue
Rockford, IL 61104,

Plaintiff,

v.                                        Civil Action No. 07 C 5 0 0 9 4

FAIRY DUST LTD, INC.
3528 Warsaw Avenue
Cincinnati, OH 45205-1875,

Defendant.

## COMPLAINT

Plaintiff, ColorLab Cosmetics, Inc. ("ColorLab"), brings this Complaint against Defendant, Fairy Dust Ltd., Inc. ("Fairy Dust"), for injunctive relief and damages arising from Defendant's acts of patent infringement.

### NATURE OF THE ACTION

1. This is an action for infringement by Defendant of ColorLab's patent arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

### THE PARTIES

2. Plaintiff, ColorLab, is an Illinois corporation with its principal place of business located at 1112 5th Avenue, Rockford, IL 61104. ColorLab is the assignee of the asserted patent and resides in this judicial district.

3. On information and belief, Fairy Dust is an Ohio corporation with its principal place of business located at 3528 Warsaw Avenue, Cincinnati, OH 45205. Fairy Dust maintains an interactive, e-commerce-enabled web site at http://yhst.19754450893872.stores.yahoo.net. On information and belief, Fairy Dust sells products, including but not limited to the product accused of infringement herein, within this judicial district.

## THE PATENT IN SUIT

4. ColorLab is the owner by assignment of United States Patent No. 6,402,120 ("the '120 Patent"). The '120 Patent lawfully and properly issued on June 11, 2002 and is entitled "Apparatus for Blending and Fabricating Personalized Lipstick." A copy of the '120 Patent is attached hereto as Exhibit A.

5. ColorLab is the owner by assignment of the '120 Patent.

6. The named inventor on the '120 Patent is Mary Swaab, the President of ColorLab.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b) because the Defendant resides in this district and has committed acts of infringement in this district.

## STATEMENT OF FACTS

9. On information and belief, Fairy Dust sells gifts, cosmetics, and health and beauty items directed generally toward women and girls. According to its web site, Fairy Dust sells a certain "Glam Girl Lip Glass FunStation" (the "Accused Product"). A true and correct copy of an internet screen image of the Accused Product appears in the attached Exhibit B.

10. Fairy Dust has not received permission or authority from ColorLab to sell or offer for sale the Infringing Product.

11. Fairy Dust has received actual notice of Plaintiff's patent rights.

12. ColorLab has complied with the requirements of the patent marking statute, 35 U.S.C. § 287(a).

### FIRST CAUSE OF ACTION
### Infringement of U.S. Patent No. 6,402,120

13. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 12 above as if fully set forth herein.

14. Plaintiff ColorLab is the owner by assignment of all rights, title and interest in the '120 Patent.

15. Upon information and belief, Defendant is and has been knowingly, intentionally and actively infringing at least claims 18 and 22 of the '120 Patent, in violation of 35 U.S.C. § 271(b), through Defendant's promotion, sale, and offering for sale of the Accused Product without license, authority, consent or permission of ColorLab, and will continue to do so unless enjoined by this Court.

16. Such infringement by Defendant has deprived ColorLab of royalties, sales and revenue that ColorLab otherwise would have made and has in other respects injured or irreparably harmed ColorLab and will cause ColorLab added injury and loss of revenue unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ColorLab Industries Inc., prays for judgment as follows:

A. Finding that Defendant has infringed the '120 Patent;

B. Entering an Order preliminarily and permanently enjoining the Defendant, and its officers, agents, servants, employees, successors and assigns and all others acting in concert or privity with any of them, whether directly or indirectly, from further infringing or inducing infringement of the '120 Patent;

C. Awarding Plaintiff such damages as Plaintiff has sustained as a consequence of Defendant's infringement, trebled, together with prejudgment interest thereon, pursuant to 35 U.S.C. § 284;

D. Entering an Order requiring Defendant to account for all gains, profits and advantage derived by Defendant arising out of the infringement of the '120 Patent, together with prejudgment interest thereon;

E. Entering a judgment and order deeming this an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Plaintiff its reasonable attorney fees; and

F.  Awarding ColorLab such other and further relief as the Court deems just and equitable.

## DEMAND FOR A JURY TRIAL

Plaintiff, ColorLab, hereby demands a jury trial as to the above cause of action.

Dated this 18 day of May, 2007.

By _____
Andrew J. Heinisch
David G. Hanson
Attorneys for Plaintiff
Reinhart Boerner Van Deuren s.c.
1000 North Water Street
Suite 1800
Milwaukee, Wisconsin 53202-3186
414-298-1000
dhanson@reinhartlaw.com
pstockha@reinhartlaw.com

MW\1425365